1

2

3

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

4

5

6

7

8

9

10

| | | |
|---|---|---|
| **LINDA GUDE,** | ) | **Case No.: 1:19-cv-4884** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **CAR NOW ACCEPTANCE** | ) | **JURY TRIAL DEMANDED** |
| **CORPORATION d/b/a CNAC,** | ) | |
| | ) | |
| Defendant. | ) | |

11

12

## COMPLAINT

13

14

15

16

LINDA GUDE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAR NOW ACCEPTANCE CORPORATION D/B/A CNAC ("DEFENDANT"):

17

### INTRODUCTION

18

19

20

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

21

### JURISDICTION AND VENUE

22

23

24

25

2.     This Court's jurisdiction arises under 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

26

27

28

3.     Jurisdiction of this Court arises under 28 U.S.C. § 1331. <u>See Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

4.     Defendant regularly conducts business in the State of Indiana, thus, personal jurisdiction is established.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### PARTIES

6.     Plaintiff is a natural person residing in Indianapolis, Indiana 46229.

7.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8.     Defendant is a corporation with its principal place of business located at 12802 Hamilton Xing Boulevard, Carmel, Indiana 46032.

9.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### <u>FACTUAL ALLEGATIONS</u>

11.     Plaintiff has a cellular telephone number.

12.     Plaintiff has only used this number as a cellular telephone number.

13.     Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone number regarding an alleged debt that was incurred primarily for personal, family or household purposes.

14.     During this time, Defendant called Plaintiff on her cellular telephone utilizing an automatic telephone dialing system and/or pre-recorded voice or message.

15.     Plaintiff knew that Defendant was calling using an automated telephone dialing system and/or pre-recorded voice as calls often began with a pause or delay prior to speaking with one of Defendant's collectors.

16.     Defendant's calls were not made for emergency purposes.

17.     Soon after the calls began Plaintiff told Defendant to stop calling her.

18.     Once Defendant was aware that its calls were unwanted, its continued calls could have served no lawful purpose, and could only have been placed for the purpose of harassment.

19.     However, Defendant ignored Plaintiff's request and continued calling Plaintiff, knowing at all times that its calls were unwanted.

20.     Plaintiff found Defendant's calls to be harassing, intrusive, and distressing.

21.     Defendant's actions as described herein were taken with the intent to harass, upset, and coerce payment from Plaintiff.

PLAINTIFF'S COMPLAINT

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

22.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23.    The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

24.    Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

25.    Defendant's calls were not made for "emergency purposes."

26.    Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

27.    Any consent Defendant may have thought it had to call Plaintiff on her cellular telephone using an automatic telephone dialing system or prerecorded voice was revoked at the moment Plaintiff told defendant to stop calling her.

28.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LINDA GUDE, respectfully prays for a judgment as follows:

a.     All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.     All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

c.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

d.     Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

e.      Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

f.      Any other relief deemed appropriate by this Honorable Court.

1
2

## DEMAND FOR JURY TRIAL

3

4      PLEASE TAKE NOTICE that Plaintiff, LINDA GUDE, demands a jury

5  trial in this case.

6
7
8
9                                    RESPECTFULLY SUBMITTED,

10  Dated: 12/11/19              By: /s/ Joseph C. Hoeffel
                                Joseph C. Hoeffel, Esq.
11                              Kimmel & Silverman, P.C.
                                30 East Butler Pike
12                              Ambler, PA 19002
                                Phone: (215) 540-8888
13                              Facsimile: (877) 788-2864
                                Email: teamkimmel@creditlaw.com
14
15
16
17
18
19
20
21
22
23
24
25
26
27                                     - 6 -
28